■ In the Matter of RICHARD L. COVELLI, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of Motor Vehicles, et al., Respondents. [700 NYS2d 341] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: Respondent James Stumpf, president and majority shareholder of respondent Lake Erie Restoration Works, Inc. (Lake Erie), agreed

to restore petitioner's 1957 Pontiac automobile. Petitioner was not satisfied with the quality of the restoration work done by Stumpf and Lake Erie and filed a complaint with respondent New York State Department of Motor Vehicles (DMV). After an investigation by the DMV, a hearing was held pursuant to Vehicle and Traffic Law § 398-f (1) (b). The Administrative Law Judge (ALJ) found that Stumpf and Lake Erie had, *inter alia*, charged petitioner in excess of the estimate without the consent of petitioner (Vehicle and Traffic Law § 398-d [2]), committed fraudulent acts (Vehicle and Traffic Law § 398-e [1] [g]), and repaired the vehicle in a grossly negligent manner and grossly overcharged for those repairs and had done so previously with respect to another customer (Vehicle and Traffic Law § 398-e [1] [h]). The ALJ imposed a penalty of license revocation and fines, or, in the alternative, a six-month suspension and reimbursement to petitioner of $16,000. On the administrative appeal by Lake Erie and Stumpf, respondent Appeals Board of the DMV (Appeals Board) modified the decision by deleting references to Stumpf, thereby holding him not liable for any restitution to petitioner. Petitioner commenced this CPLR article 78 proceeding seeking to modify the determination of the Appeals Board by reinstating the ALJ's decision holding Stumpf liable for the monetary penalty.

We conclude that the determination of the Appeals Board constitutes an abuse of discretion. The corporate veil may be pierced and a corporate officer held liable where the officer "exercised complete domination of the corporation in respect to the transaction attacked" and used that domination "to commit a fraud or wrong against the [petitioner] which resulted in [petitioner's] injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141; *see, People v Apple Health & Sports Clubs*, 80 NY2d 803, 807; *People v Concert Connection*, 211 AD2d 310, 320, *appeal dismissed* 86 NY2d 837; *Clark v Pine Hill Homes*, 112 AD2d 755). Here, the undisputed evidence establishes that Stumpf made all the estimates for the work done on petitioner's vehicle, completed all the restoration work himself, and collected the money from petitioner. Petitioner never spoke with anyone at Lake Erie other than Stumpf. The determination of the Appeals Board that Stumpf was not liable for the fraudulent and wrongful activity constitutes an abuse of discretion (*see generally, Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 240; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231).

We therefore modify the determination of the Appeals Board

by reinstating the decision of the ALJ in its entirety. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Balio, JJ.